## INTERNATIONAL BANK
### v.
## ERASTUS H. FERRIS.

RATIFICATION.—Where certain money was wrongfully paid out by a bank to B, and A, to whom the money belonged, sued the bank for it, and B had paid out for A or on his order divers sums of money. *Held*, that the application by the jury in reduction of A's demand of the moneys paid out by B on A's account did not amount to an affirmance or ratification of the unauthorized act of B in drawing A's money from the bank.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 6, 1886.

Messrs. KRAUS, MAYER & BRACKETT, for appellant; as to adoption of agent's act, cited Ewell's Evans on Agency, 65 ; Henderson v. Cummings, 44 Ill. 325; Kreeder v. Trustees, 311 a. 547; Saveland v. Green, 40 Wis. 431 ; Meukins v. Watson, 27 Mo. 163; Southern Express Co. v. Palmer, 48 Ga. 85.

Messrs. FLOWER, REMY & GREGORY, for appellee.

BAILEY, P. J. This was an action of assumpsit, brought by Erastus H. Ferris against the International Bank to recover certain moneys collected and received for the use of the plaintiff. It appears that on or about the 26th day of December, 1883, the plaintiff received from the Marine Insurance Company, of Buffalo, two drafts, payable to the plaintiff's order, one for $511.33, and the other for $1,980, the same being in payment of a loss upon the plaintiff's vessel under a policy of marine insurance. On that day the plaintiff went to the defendant's bank, accompanied by one Bruce, the local agent of the insurance company, for the purpose of having the drafts collected. Bruce had previously made certain advances for the plaintiff, equal to the amount of the smaller of the two drafts, and in payment of such advances, the plaintiff, after indorsing both of the drafts in blank, turned over to Bruce the smaller one, and the same was received by the bank and at once placed to Bruce's credit. About that draft there is no controversy.

The dispute arises upon the manner in which the larger draft was deposited in the bank for collection, and the directions and instructions given by the plaintiff in relation thereto. The plaintiff testified that he told the cashier that he wanted the money collected and held until he called for it; that he wanted to put it into another vessel as soon as he found one. The evidence of the defendant, on the other hand, tended to show that it was agreed between the plaintiff, Bruce and the cashier, that the larger draft should be collected by the bank and held subject to the order or directions of either the plaintiff or Bruce.

A few days afterward, Bruce, in the absence of the plaintiff, requested the bank to place the avails of the draft to his

individual credit, which was done, and the money was subsequently paid out on Bruce's checks.   Several months afterward the plaintiff called at the bank for his money and was informed that it had been paid out on Bruce's order, the bank claiming a right, under the arrangement made at the time the draft was left for collection, to make that disposition of the money.

It appears, however, that Bruce had in the meantime paid out for the plaintiff, or on his order, divers sums of money, amounting to about $940.   The jury, at the trial, found the issues for the plaintiff, but charged against the plaintiff the moneys which Bruce had paid on his order, and rendered a verdict in his favor for the residue, viz., $1,040.60.   For this sum and costs the plaintiff had judgment.

It is urged that the verdict is contrary to the preponderance of the evidence.   As to the question of fact upon which the main controversy arose, there was a direct and irreconcilable conflict in the evidence.   The evidence of the defendant's cashier was directly disputed by that of the plaintiff, and we find no corroboration of the cashier's testimony sufficiently clear and convincing to justify us in holding that the jury have misconceived the evidence, or have been actuated by passion or prejudice.   The question was for the jury, and they having resolved the conflict in favor of the plaintiff, we see no reason for disturbing their finding.

Complaint is made of the action of the court upon the motion of the defendant's counsel to require Bruce to produce upon the trial certain books and papers in compliance with the command of a subpoena *duces tecum*.   The subpoena required the witness, in general terms, to produce all books, papers, etc., in his possession, showing his accounts with the plaintiff. Without deciding whether the subpoena was sufficiently explicit, it need only be said, that, so far as appears, the witness did produce all books and papers in his possession or control relating to said accounts, and after the same were produced, the defendant's counsel took no further steps in the matter, but rested apparently content with the documents thus obtained.

Counsel contend, as a matter of law, that the application by the jury, in reduction of the plaintiff's demand, of the moneys paid out by Bruce on the plaintiff's account, amounted to an affirmance or ratification of the unauthorized act of Bruce in drawing the plaintiff's money from the bank, upon the principle that the unauthorized act of an agent can not be ratified in part and repudiated as to the residue. We think the principle here involved has no application. As the accounts of the parties stood the bank was owing the plaintiff the full amount of the draft. Bruce having obtained possession of the money wrongfully, was indebted to the bank for the same amount. But as the plaintiff was owing Bruce a portion of that sum, it was proper for him to consent to an adjustment of the accounts between the three parties, or, perhaps, for the jury to make such adjustment without his consent, and their doing so in no way invalidated the residue of the plaintiff's demand not thus extinguished. Passing these mutual credits was no ratification of the wrongful act by which Bruce obtained the money of the bank.

The counsel for the defendant have criticized several of the instructions given to the jury at the instance of the plaintiff, as well as the refusal of the court to give certain instructions asked on behalf of the defendant. We are of the opinion that all the instructions given were substantially correct, and that no material error was committed in refusing instructions asked but not given. The jury were properly instructed as to the law. There being no error in the record, the judgment will be affirmed.

Judgment affirmed.